UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 09-12222-RWZ


THOMAS GIANFRANCESCO, *et al.*,

v.

TOWN OF WRENTHAM, *et al.*


MEMORANDUM OF DECISION

April 9, 2012

ZOBEL, D.J.

## I. Background

Plaintiff Thomas Gianfrancesco ("Gianfrancesco") was the owner and operator of Tom's Tavern in the Town of Wrentham from 1998 to 2009. According to the amended complaint he was "a well known, high profile and outspoken person." He often appeared at the meetings of various Town boards "and voiced his opinion as to the Town's regulations and enforcement of various rules and code provisions concerning local businesses, most often critical of town government." In 2003 he "openly and publicly defied the Town of Wrentham 'smoking' ordinances.'" Defendants, the Town of Wrentham, the Town Administrator, John McFeeley, and three members of the Board of Health, Robert Bogardus, Glen Brown and Ravi Nadvani[1], allegedly "applied and enforced various town by-laws and ordinances relating to Tom's Tavern" selectively

---

[1] This defendant is named Nadvani in the Amended Complaint; however, defendants' papers refer to him as Nadkarni. I shall use the name given in the complaint.

and vigorously "in a deliberate effort to find violations which similar establishments in the Town ... were not subject to."  The complaint alleges that "defendants undertook the above-referenced pattern of misconduct in direct retaliation of Mr. Gianfrancesco for the exercise of his First Amendment Rights of expression and speech in ... defying the smoking by-law."  As a result of the defendants' alleged misconduct, Tom's Tavern was "forced out of business" in the Spring of 2009.  Plaintiff also sues in his capacity as Trustee of Shears Street Realty Trust, and the complaint names a third plaintiff, Lindy's Inc.

Plaintiffs filed a complaint in the Norfolk Superior Court in 17 counts against the Town and the above listed officials asserting claims for interference with business relations, for violations of plaintiffs' civil rights under 42 U.S.C. § 1983, and for violations of Mass. Gen. Laws ch. 93A.  Defendants removed the action to this court and moved to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction.  After receiving several extensions to oppose the motion, plaintiffs filed an amended complaint in 22 counts for violations of civil rights (without reference to any statute) and of ch. 93A.  At this point the court's rulings and the docket report become totally muddled.  After reassignment of the case to this session, the parties agreed that the only matter to be decided is defendants' motion to dismiss the amended complaint and plaintiff agreed to dismiss voluntarily counts 12 through 22, which eliminated all claims of Lindy's, Inc., and of Gianfrancesco as Trustee.   Thus pruned, the complaint asserts two groups of claims only by Gianfrancesco against the Town, McFeeley, Bogardus, Brown, and Nadvani.  The first group, under 42 U.S.C. § 1983,

2

alleges selective enforcement of Town ordinances and by-laws and retaliation against plaintiff in violation of plaintiff's free speech, due process and equal protection rights, Counts I, III, V, VII, IX and XI [2], respectively.  The second group, against these same defendants, allegations violations of ch. 93A,  Counts II, IV, VI, VIII, and X.  Defendants have moved to dismiss all counts for failure to state a claim.

**II.  Standard**

On a motion to dismiss, the "court takes as true all well-pleaded facts in the complaint[ ], scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor." Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). However, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. at 1949.

**III.  Analysis**

**A.  Civil Rights Act Claims**

The Civil Rights Act claims rest on very broad allegations of unequal treatment. Read generously, the only allegations in the complaint that can even be liberally

---

[2] It appears that Count XI is against unspecified Town officials not identified by name in the complaint.  As pled, Count XI states it is against "certain town officials individually and in their official capacities," its allegations are essentially carbon copies of the allegations made in Count I (against Town of Wrentham), Count V (against Robert Bogardus individually and in his official capacity) Count VII (against Glen Brown individually and in his official capacity) and Count IX (against Ravi Nadvani individually and in his official capacity).

construed to hint at selective enforcement or retaliation by the defendants are that (1) "defendants entered a series of orders against 'Toms Tavern' which required improvements, additions, and renovations;" and (2) "defendants mandated that "Tom's Tavern meet requirements for its septic system which were either inapplicable or were the result of deliberate miscalculation." The amended complaint does not allege what "improvement, additions or renovations" or septic tank "requirements" were actually ordered, their economic impact on plaintiff, the individual defendants' specific connection or role in issuing them, or how they related in any way to the ultimate demise of plaintiff's tavern. Critically, the amended complaint is devoid of any statement describing the personal involvement of any one of the individual defendants in the alleged wrongdoing, and it does not identify even one instance of plaintiff being treated differently from a person in similar circumstances.

Further, a municipality is liable under § 1983 only when its official policy or custom led to the constitutional deprivation asserted. Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."); Bd. of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 404 (1997) ("we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury ...  it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury

alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.") Here, the amended complaint lacks any statement setting forth any policy or custom of the Town that may have caused any deprivation of plaintiff's rights.

To the extent the individual defendants are sued in their official capacities, the claims against them are treated as claims against the Town and subject to the same requirement that their conduct be encompassed by the Town's policy, and they fail for the same reason. Hafer v. Melo, 502 U.S. 21, 25 (1991) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent ... the real party in interest in an official-capacity suit is the governmental entity and not the named official" (internal citations and quotation marks omitted). To the extent the individual defendants are sued in their individual capacity, as noted above, the amended complaint fails to allege how each of them was personally involved in the alleged wrong, what each did to cause the deprivation of plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1949 (a claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Because the complaint utterly fails to allege any facts to support the essentials of the claims asserted, the motion to dismiss Counts I, III, V, VII, IX, XI and XI is allowed.

**B.  Mass. Gen. Laws ch. 93A Claims**

Section 93A sanctions "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce...."   The amended complaint alleges as to all defendants except John McFeeley, that "the deliberate and intentional acts of the defendant constitute a violation of Massachusetts General Laws Chapter 93A."  The Town moves to dismiss on the ground that a municipality is not liable under the statute when it is engaged in governmental activity.  Park Drive Towing, Inc. V. City of Revere, 442 Mass. 80, 86 (2004) ("a party is not engaging in 'trade or commerce' as defined by G.L. c. 93A when its actions are motivated by legislative mandate."). Plaintiff argues that this principle does not apply when the municipality acts in a business context, typically a matter better determined on summary judgment than on a motion to dismiss.  However, the amended complaint does not even suggest any business context nor does it allege any unfair act or deceptive practice (i.e. any conduct by the individual defendants that fits within some common law, statutory or other established concept of unfairness in trade or commerce). For these reasons, defendants' motion to dismiss the chapter 93A claims is allowed as well.

## IV.  Conclusion

Defendants' motion to dismiss the amended complaint is ALLOWED.  Judgment may be entered dismissing the case.


| _____March 9, 2012_____ | _____/s/Rya W. Zobel_____ |
| DATE | RYA W. ZOBEL |

UNITED STATES DISTRICT JUDGE